

CARLO O. REYES, ESQ, SBN 226150
The Law Offices of Carlo O. Reyes
22122 Sherman Way, Suite 203
Canoga Park, CA 91303
Tel No: (818) 883-8838
Fax No: (818) 883-8118

Attorney for Plaintiffs DANILO DEL VALLE AND JENNIFER DEL VALLE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

DANILO DEL VALLE, an Individual, and ) Case No.:
JENNIFER DEL VALLE, an Individual, )
                                    ) C09 01940
          Plaintiffs,               )
                                    )
     vs.                            ) COMPLAINT FOR DAMAGES AND
                                    ) DECLARATORY RELIEF
INDYMAC FEDERAL BANK, F.S.B., a     )
Delaware Corporation; NDEX WEST, LLC, a )
Delaware Corporation; GMAC MORTGAGE, )
LLC, a Delaware Corporation; ALLIANCE ) JURY TRIAL DEMAND
BANCORP, a California Corporation, and )
DOES 1 through 10, inclusive,        )
                                     )
          Defendants.                )

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

### I. Preliminary Statement

1.   Plaintiffs DANILO DEL VALLE and JENNIFER DEL VALLE (hereinafter "Plaintiff" or "Plaintiffs"), bring this action against INDYMAC FEDERAL BANK, F.S.B., a Delaware Corporation (hereinafter "INDYMAC"), NDEX WEST, LLC, a Delaware Corporation (hereinafter "NDEX WEST"), GMAC MORTGAGE, LLC, a Delaware Corporation (hereinafter

//

- 1 -

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

"GMAC"), ALLIANCE BANCORP, a California Corporation (hereinafter "ALLIANCE"), and DOES 1 though 10, (collectively "Defendants") to:

    (a) Give effective Notice to Rescind and Cancel;

    (b) Enforce Rescission;

    (c) Reimburse all fees, charges, and costs paid in a consumer credit transaction pursuant to violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and its implementing regulations at 12 C.F.R. § 226 *et seq.* (Reg. Z);

    (d) Obtain statutory and actual relief for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"); and

    (e) Obtain a reasonable attorney fee.

    2. Plaintiffs also seek declaratory and injunctive relief to further restrain Defendants under Cal. Business and Professions Code § 1700, *et seq.* referred to as the Unfair Competition Law ("UCL") under California Statutes, common law fraud, misrepresentation and deceit, against Defendants herein. All such California State Law claims are properly asserted under this Court's pendent or supplemental jurisdiction.

    3. The Defendants are proper parties to be sued for claims arising out of the transaction when Defendants are attempting to *enforce contractual obligations* and includes any person who uses any instrumentality of interstate commerce, the mails in any business, the principal purpose of which is the collection of any debt, directly or indirectly, owed, due, or asserted to be owed or due to another.

    4. The Defendants are proper parties to be sued for claims when Plaintiffs are in an affirmative or defensive position asserting a rescission under TILA, Reg. Z, and asserting other statutory relief under the FDCPA, the California UCL, common law fraud, misrepresentation or deceit, etc., and for any claims in recoupment and set-off against all Defendants.

## II. Parties

    5. Plaintiffs DANILO DEL VALLE and JENNIFER DEL VALLE are both *consumers* and *natural persons* as that term is defined under 15 U.S.C. § 1602(h) and 15 U.S.C. § 1692a (3). Plaintiffs have substantive rights as a citizens domiciled here in California, the

owners of the *principal dwelling* known as 1834 Massachusetts Drive, Salinas, CA 93905, (hereinafter the "Property") and at all times relevant and material hereto, reside on the Property as their home.

6. Defendant INDYMAC is or was the designated Servicer for the purported beneficiary and may be considered a functional creditor or alternatively, is a Servicer strictly for administrative purposes subject to the Real Estate Settlement Procedures Act. Defendant INDYMAC is also a *debt collector* within the meaning of 15 U.S.C. § 1692a (6) and a corporation within the scope of California DCL, engaged in the business of collecting debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using mails and telephone. This Defendant may also claim a pecuniary interest and is joined and needed for just adjudication. This Defendant may be served with service of process by serving statutory agent: CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC – LAWYERS INCORPORATED SERVICE, 2730 GATEWAY OAKS DRIVE, SUITE 100 SACRAMENTO, CA 95833.

7. Defendant NDEX WEST is or was the designated Servicer for the purported beneficiary and may be considered a functional creditor or alternatively, is a Servicer strictly for administrative purposes subject to the Real Estate Settlement Procedures Act. Defendant NDEX WEST is also a *debt collector* within the meaning of 15 U.S.C. § 1692a (6) and a corporation within the scope of California DCL, engaged in the business of collecting debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using mails and telephone. This Defendant may also claim a pecuniary interest and is joined and needed for just adjudication. This Defendant may be served with service of process by serving statutory agent: CT CORPORATION SYSTEM, 818 WEST SEVENTH ST., LOS ANGELES, CA 90017.

8. Defendant GMAC is or was the designated Servicer for the purported beneficiary and may be considered a functional creditor or alternatively, is a Servicer strictly for administrative purposes subject to the Real Estate Settlement Procedures Act. Defendant GMAC is also a *debt collector* within the meaning of 15 U.S.C. § 1692a (6) and a corporation within the

scope of California DCL, engaged in the business of collecting debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using mails and telephone. This Defendant may also claim a pecuniary interest and is joined and needed for just adjudication. This Defendant may be served with service of process by serving statutory agent: CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC – LAWYERS INCORPORATED SERVICE, 2730 GATEWAY OAKS DRIVE, SUITE 100 SACRAMENTO, CA 95833.

9. Defendant ALLIANCE is or was the designated Servicer for the purported beneficiary and may be considered a functional creditor or alternatively, is a Servicer strictly for administrative purposes subject to the Real Estate Settlement Procedures Act. Defendant ALLIANCE is also a *debt collector* within the meaning of 15 U.S.C. § 1692a (6) and a corporation within the scope of California DCL, engaged in the business of collecting debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using mails and telephone. This Defendant may also claim a pecuniary interest and is joined and needed for just adjudication. This Defendant may be served with service of process by serving statutory agent: CT CORPORATION SYSTEM, 818 WEST SEVENTH ST., LOS ANGELES, CA 90017.

10. Defendants DOES 1-10 are involved in the instant case and transaction and are currently unknown to Plaintiffs. Said entities will be joined upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

### III. Jurisdiction/Venue

11. This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1640(e) for TILA claims, pursuant to 15 U.S.C. § 1692k(d) for FDCPA claims and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiffs' state law claims. All state law claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. §

//

- 4 -

2201. Counts arising under contract, common law, and the law of conveyances in real property are properly asserted under this Court's pendent jurisdiction.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally and whereby the real property and a substantial part of the events and claims, the subject of this suit, are situated here, communications notifying Plaintiffs of the non-judicial foreclosure and election to sell under the security instrument conveyed and enforced by Defendants are in this district, and Defendants principal business are within the forum state California.

### IV Conditions

13. All Conditions precedent have been performed or have occurred and TILA violations may be asserted defensively now due to the non-judicial foreclosure filing and election to sell and as a recoupment or set-off pursuant 15 U.S.C. 1637 *et seq.* "This subsection [providing for the one year statute of limitations] does not bar a person from asserting a violation of this subchapter in an action to collect a debt which was brought more than a year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action" (15 U.S.C. § 1640[e]), *Delta Funding Corp. v. Murdaugh*, 6 AD.3d 571, 774 N.Y.S. 2d 797 (2nd Dept. 2004); *McNinch v. Mortgage America, Inc. (In re McNinch)*, 250 B.R. 848 (Bankr W.D. Pa. 2000)

14. The mere loss of a statutory right to disclosure is an injury that gives the consumer standing for Articles III purposes, *DeMando v. Morris*, 206 F 3d 1300 (9th Cir. 2000).

15. Plaintiffs have standing as of date of the contract and where the contract is a federally related mortgage transaction governed by TILA and due to the non-judicial foreclosure filing recorded in the official records, Monterey County.

### V. Statement of Facts

16. The federally related mortgage transaction at the root of this case was closed, and documents were signed on or about December 4, 2006.

17. Plaintiffs entered into a mortgage loan transaction (hereinafter the "Transaction") to include a Deed of Trust ("Deed of Trust") securing such Note ("Note ") covering the Property, then and now the *principal dwelling* and home of the Plaintiffs and their family.

- 5 -

18. The Transaction required the Plaintiffs to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

19. The security interest was not created to finance the acquisition or initial construction of the Plaintiffs' Property and allegedly paid off a previous consumer debts including lien mortgage debt.

20. The Transaction is characterized as a Consumer Credit Transaction as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z § 226.2(a).

21. The transaction is characterized as a Closed-end Credit Transaction as that term is defined under Reg. Z § 226.2(10) where a security interest was retained in favor of the originator, Defendants as the beneficiaries.

22. The Transaction is subject to all content requirements set forth in 15 U.S.C. § 1635(a), and 15 U.S.C. § 1638; Reg. Z §§ 226.17 – 226.23.

23. The following documents related to the Transaction were not lawfully provided to Plaintiffs:

    **a.** Promissory Note;
    **b.** Escrow Statements;
    **c.** Handbook on Adjustable Rate Mortgages;
    **d.** HUD Brochures;
    **e.** Variable Rate Disclosures;
    **f.** Business Affiliations Disclosure;
    **g.** Private Mortgage Insurance Disclosure
    **h.** Broker's Arrangements
    **i.** Disbursal Disclosures
    **j.** Equal Credit Opportunity Act Disclosure
    **k.** Patriot Act Disclosure
    **l.** Loan Servicing Disclosure Statement

//

24. Plaintiffs were induced to enter into this Transaction without the proper opportunity to evaluate the costs and implications thereof, and in a form and manner required by applicable statute and regulation.

25. The failure to accurately and effectively disclose a Truth in Lending Disclosure Statement with effective Rescission Notices is a failure to provide accurately a *material* disclosure as that term is defined under 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3)n48.

26. Defendants ratified this transaction with an improper, ineffective, and unlawful omission of *material* disclosures as that term is defined under 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3)n48.

27. On or about January 26, 2009, Plaintiffs received a "Notice of Default and Election to Sell Under Deed of Trust," copy attached hereto and incorporated fully herein as EXHIBIT 1 (4 Pages).

28. EXHIBIT 1 represents attempts to collect a purported debt and specifically threaten imminent legal proceedings contrary to California Civil Code.

29. Plaintiffs are entitled to timely notice under California Civil Code and notice of their rights under the FDCPA and have not received effective communications sufficiently providing such notice.

30. Defendants, at minimum, must give notice to the Plaintiffs ninety days before a foreclosure sale date and of their rights to seek validation of the debt, including other matters relating to the debt, and they failed to do so.

31. Further, EXHIBIT 1 induces confusion as to source and sponsorship of the title to the Property and non-judicial foreclosure services.

32. Specifically, EXHIBIT 1 is intentionally filed using false, misleading, and deceptive conduct directly associated with debt collection.

33. Said instruments are spurious and fail to identify the "true owner" of the obligation, fail to identify the "real party," and fail to provide legal "standing" to proceed to "enforce contractual obligation."

- 7 -

34. None of the Defendants are actual "note holders" or "holders in possession" of the alleged indebtedness.

35. Notwithstanding these allegations, Plaintiffs also have a continuing right to rescind the Transaction until the third business day after receiving both the proper Notice of Right of Rescission and delivery of all *material* disclosures correctly made in a form the Plaintiffs may keep pursuant to 15 U.S.C. § 1635(a) and Reg. Z § 226.23(a), and the three-day right is statutorily extended due to the foregoing *material* failures.

36. A controversy has arisen due to Defendants' failure to provide accurate *material* disclosures so that Plaintiffs may tender any balance and extinguish the Transaction by operation of law.

37. The foregoing acts and *material* omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of the Plaintiffs' disclosure rights.

38. As a result of the acts alleged above, Plaintiffs have suffered nausea, emesis, constant headaches, insomnia, embarrassment, and incurred an ascertainable loss.

### VI. Claims For Relief

**Count 1 - Rescission Claim under TILA; Reg. Z against ALL DEFENDANTS**

39. Plaintiffs incorporate each paragraph set forth above as if fully stated herein.

40. As a result of Defendants' failure to provide accurate *material* disclosures correctly as described above, Plaintiffs are entitled to and have exercised their right of rescission of the Transaction.

41. Rescission of the Transaction extinguishes any liability Plaintiffs have to Defendants for finance or other charges arising from the Transaction.

42. Defendants have a fiduciary duty and obligation to perform upon this notice of rescission by cancelling this specific Transaction as well as any enforcement thereof. Accordingly, any alleged security instrument and notice of default and election to sell is void and unenforceable under 15 U.S.C. § 1635(b).

//

43. Defendants have twenty days (20) to refund or credit the alleged account all monies paid and to void the security interest, or seek judicial guidance.

44. Defendants performance is a condition precedent to Plaintiffs' duty to tender and failure to lawfully respond gives rise to statutory and actual damages under 15 U.S.C. § 1640.

45. Any further acts to enforce an invalid security instrument and impose finance charges and fees are wrongful, improper, and a serious breach of fiduciary duty associated with Defendants obligations. Such acts violate TILA, are contrary to the Real Estate Settlement Procedures Act, and are contrary to the explicit statutory requirements and contract between the parties.

46. Said acts entitle Plaintiffs to statutory and actual relief, orders enforcing rescission, and a reasonable attorney fee.

### Count 2 - TILA Claims against ALL DEFENDANTS

47. Plaintiffs incorporate each paragraph set forth above as if fully stated herein.

48. The original payee of the note and beneficiary of all other documents at a purported closing with Defendants acted in contravention of TILA 15 U.S.C. § 1601 *et seq.* and Reg. Z in the following particulars, each and all of which may also be asserted affirmatively and defensively by Plaintiffs as a result.

49. The documents not provided to the Plaintiffs in conjunction with this consumer credit transaction violated the requirements of TILA; Reg. Z in the following respects:

(a) By failing to provide all required disclosures prior to consummation of the Transaction in violation of 15 U.S.C. § 1638(b); Reg. Z § 226.17(b),

(b) By failing to make the required disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a); Reg. Z § 226.17(a)(1),

(c) By failing to reflect the legal obligation in effect at the outset of the transaction under Reg. Z § 226.17(c)(1),

(d) By failing to provide effectively the required number of Notice of Right to Cancel under 15 U.S.C. § 1635 and Reg. Z § 226.23(b),

//

(e) By failing to accurately and effectively disclose the TILA Disclosure Statement in violation of 15 U.S.C. § 1602(u); Reg. Z 226.23(a)(3),

50. Said acts entitle Plaintiffs to statutory and actual relief, and a reasonable attorney fee.

### Count 3 - FDCPA Claims against ALL DEFENDANTS

51. Plaintiffs incorporate each paragraph set forth above as if fully stated herein.

52. Defendants violated the FDCPA in the following particulars:

(a) By failing to provide a validation notice under 15 U.S.C. § 1692(e)(11) and within five days of the initial communication under 15 U.S.C. § 1692(g);

(b) The use of false or misleading representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §§ 1692(e) and 1692(e)(10);

(c) The use of unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692(f).

53. Said acts entitle Plaintiffs of statutory and actual relief, a declaration the Defendants violated the FDCPA, and a reasonable attorney fee.

### Count 4 - Cal. Bus. And Prof. Code § 17200 *et seq.* Claims and Recoupment against ALL DEFENDANTS

54. Plaintiffs re-allege and incorporate herein the allegations contained in the preceding paragraphs inclusive above.

55. Plaintiffs bring this action as a private attorney general acting on his own behalf, pursuant to Cal. Business and Professions Code § 17200, *et seq.* referred to as the Unfair Competition Law ("UCL").

56. Plaintiffs are acting in this capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek injunctive relief and restitution on his behalf as being affected thereby.

57. The foregoing acts and omissions of Defendants affect trade and commerce as that term is defined under the UCL.

//

58. The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice and provides that a court may order injunctive relief and restitution to affected parties as a remedy for any violation of the UCL.

59. Beginning on the dates indicated and at all times relevant herein, Defendants and the DOE Defendants have committed acts of unfair competition proscribed by the UCL including the practices alleged herein against Plaintiffs.

60. Prior to the filing of the claims in this action, and continuing thereafter, Defendants have been systematically violating the provisions of TILA, Reg. Z, the FDCPA, the contract between parties, and to such extent as to induce confusion as to source and sponsorship of services.

61. These violations are and were a matter of their standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.

62. The business acts and practices of these Defendants, as hereinabove alleged, constitute "unlawful" business practices under UCL in that, for the reasons set forth above, said acts and practices violate the provisions of TILA, Reg. Z, the FDCPA, the contract between the parties, and their fiduciary duties.

63. The business acts and practices of these Defendants, as hereinabove alleged, constitute "unfair" business practices under UCL in that said acts and practices offend *public policy* and are substantially injurious to Plaintiffs and all consumers. Said acts and practices have no utility that outweighs their substantial harm to Plaintiffs, all consumers, and potential homeowners.

64. In the course of this Transaction, Defendants made one or more misrepresentations and/or failed to make accurate representations and/or failed to provide *material* information about the Transaction as set forth more fully above.

65. Specifically, Defendants processed and ratified this Transaction, substantially amended and failed to deliver *material* disclosures under TILA, failed to comply with the contract between the parties, failed to comply with statutory good faith and fair lending.

//

- 11 -

66. Said misrepresentation and failure to make accurate representations were made knowingly or with reason to know that Plaintiffs would rely thereon.

67. Said misrepresentations and failure to make accurate representations were *material* to the Transaction from origination to present.

68. Said misrepresentations and failure to make accurate representations were made with intent and the Plaintiffs relied thereon by seeking legal counsel and filing this defensive claim in recoupment.

69. Plaintiffs did reasonably rely as specified in these factual allegations.

70. Plaintiffs were thereby damaged and has a substantial ascertainable loss.

71. The business acts and practices of Defendants, as hereinabove alleged, constitute "fraudulent" business practices under UCL in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, falsifying documents, failure to deliver *material* documents, and concealment, may preclude consumers from exercising legal rights to which they are entitled.

72. The unlawful, unfair and fraudulent business acts and practices of Defendants described herein present a continuing threat to members of the general public and Plaintiffs in that Defendants and the DOE Defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

73. Pursuant to the UCL § 17203, Plaintiffs seek an order enjoining Defendants from engaging in the acts and practices as hereinabove alleged, and ordering that Defendants provide appropriate restitution to Plaintiffs.

74. Plaintiffs seeks recovery of attorney's fees, costs and expenses incurred in the filing and prosecuting this action pursuant to the Code of Civil Procedures § 1021.5 and any other applicable law.

### Count 5 - For Quiet Title against ALL DEFENDANTS

75. Plaintiffs re-allege and incorporate herein the allegations contained in the preceding paragraphs inclusive above.

//

76. Plaintiffs are the owners of the SUBJECT PROPERTY per the Deed of Trust executed by the Plaintiffs.

77. The basis of Plaintiffs' interest in title is a Deed of Trust from Defendants, granting the SUBJECT PROPERTY to Plaintiffs, and recorded in the Official Records of the County of Montery.

78. Plaintiffs are seeking to quiet title against the claims of Defendants as follows: Defendants are seeking to hold themselves out as the fee simple owners of the subject properties, when in fact Plaintiffs have an interest in such properties held by Defendants, when Defendants have no right, title, interest, or estate in the SUBJECT PROPERTY, and Plaintiffs' interest is adverse to Defendants' claims of ownership.

79. Plaintiffs seek to quiet title as of February 20, 2009.

80. Plaintiffs therefore seek a judicial declaration that the title to the SUBJECT PROPERTY is vested in Plaintiffs alone and that Defendants and their successors be declared to have no estate, right, title, or interest in the SUBJECT PROPERTY and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title, or interest in the SUBJECT PROPERTY, adverse to Plaintiffs herein.

## VII. Jury Trial Demand

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and hereby demands, a trial by jury.

## VIII. Prayer for Relief

WHEREFORE, as a result of the violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Plaintiffs prays for judgment against Defendants as follows:

1. Rescission of this Transaction,
2. Termination of any security interest in Plaintiffs' Property created under the Transaction,
3. Order Defendants to return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this Transaction,

4. Statutory damages of no less than $2,000 for the disclosure violations,
5. Statutory damages of no less than $2,000 if Defendants fail to respond properly to Plaintiffs' rescission notice,
6. Statutory Damages as provided by the FDCPA,
7. Statutory Damages as provided by Cal. UCL,
8. Enjoin Defendants during pendency of this action, permanently thereafter, from instituting, prosecuting, or maintaining a proceeding on the Plaintiffs' Property, from recording any deeds or mortgages regarding the Property except, a lawful release of lien, and from otherwise taking any steps to deprive Plaintiffs' ownership of the Property,
9. Order that, if Defendants fail to further respond lawfully to Plaintiffs' notice of rescission, Plaintiffs has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of Plaintiffs' claims, and order Defendants to accept tender on reasonable terms over a reasonable period of time,
10. Reasonable attorney's fee and costs of suit,
11. Actual damages in an amount to be determined at trial,
12. For such other and further relief as the Court may deem just and proper.

Dated: April 13, 2009

The Law Offices of Carlo O. Reyes

By: _____
CARLO O. REYES
Attorney for the Plaintiffs

# EXHIBIT 1

(FOUR PAGES)