1  CARLO O. REYES, ESQ, SBN 226150
   The Law Offices of Carlo O. Reyes
2  22122 Sherman Way, Suite 203
   Canoga Park, CA 91303
3  Tel No: (818) 883-8838
   Fax No: (818) 883-8118
4  Email: CarloReyes@att.net

5

6  Attorney for Plaintiffs DANILO DEL VALLE AND JENNIFER DEL VALLE

7

8

9           **UNITED STATES DISTRICT COURT**

10     **NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION**

11

12  DANILO DEL VALLE, an Individual, and          )
    JENNIFER DEL VALLE, an Individual,            )   Case No.: 09-cv-01940 JW
                                                  )
13          Plaintiffs,                           )
                                                  )
14      vs.                                       )
                                                  )   **FIRST VERIFIED AMENDED**
15                                                )   **COMPLAINT FOR DAMAGES AND**
    INDYMAC FEDERAL BANK, F.S.B., a               )   **DECLARATORY RELIEF**
16  Delaware Corporation; NDEX WEST, LLC, a       )
    Delaware Corporation; GMAC MORTGAGE,          )
17  LLC, a Delaware Corporation; ALLIANCE         )
    BANCORP, a California Corporation, and        )   **JURY TRIAL DEMAND**
18  DOES 1 through 10, inclusive,                 )
                                                  )
19          Defendants.                           )

20

21

22  TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

23                **I. Preliminary Statement**

24       1.    Plaintiffs DANILO DEL VALLE and JENNIFER DEL VALLE (hereinafter

25  "Plaintiff" or "Plaintiffs"), bring this action against INDYMAC FEDERAL BANK, F.S.B., a

26  Delaware Corporation (hereinafter "INDYMAC"), NDEX WEST, LLC, a Delaware Corporation

27  (hereinafter "NDEX WEST"), GMAC MORTGAGE, LLC, a Delaware Corporation (hereinafter

28

                          - 1 -

1  "GMAC"), ALLIANCE BANCORP, a California Corporation (hereinafter "ALLIANCE"), and

2  DOES 1 though 10, (collectively "Defendants") to:

3      (a) Give effective Notice to Rescind and Cancel;

4      (b) Enforce Rescission;

5      ( c) Reimburse all fees, charges, and costs paid in a consumer credit transaction pursuant

6  to violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and its

7  implementing regulations at 12 C.F.R. § 226 *et seq.* (Reg. Z);

8      (d) Violations of Real Estate Settlement Procedures Act, *12 U.S.C. §2607* ("RESPA")

9      (e) Obtain statutory and actual relief for violations of the Fair Debt Collection Practices

10  Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"); and

11      (f) Obtain a reasonable attorney fee.

12      2.      Plaintiffs also seek declaratory and injunctive relief to further restrain Defendants

13  under Cal. Business and Professions Code § 1700, *et seq.* referred to as the Unfair Competition

14  Law ("UCL") under California Statutes, common law fraud, misrepresentation and deceit,

15  against Defendants herein.  All such California State Law claims are properly asserted under this

16  Court's pendent or supplemental jurisdiction.

17      3.      The Defendants are proper parties to be sued for claims arising out of the

18  transaction when Defendants are attempting to *enforce contractual obligations* and includes any

19  person who uses any instrumentality of interstate commerce, the mails in any business, the

20  principal purpose of which is the collection of any debt, directly or indirectly, owed, due, or

21  asserted to be owed or due to another.

22      4.      The Defendants are proper parties to be sued for claims when Plaintiffs are in an

23  affirmative or defensive position asserting a rescission under TILA, Reg. Z, and asserting other

24  statutory relief under the FDCPA, the California UCL, common law fraud, misrepresentation or

25  deceit, etc., and for any claims in recoupment and set-off against all Defendants.

26                                    **II. Parties**

27      5.      Plaintiffs DANILO DEL VALLE and JENNIFER DEL VALLE are  *consumers*

28  and *natural persons* as that term is defined under 15 U.S.C. § 1602(h) and 15 U.S.C. § 1692a (3).

1   Plaintiffs  have substantive rights as a citizens domiciled here in California, the owners of the

2   *principal dwelling* known as 1834 Massachusetts Drive, Salinas, CA 93905, (hereinafter the

3   "Property") and at all times relevant and material hereto, reside on the Property as her home.

4        6.    Defendant ALLIANCE was the originating Lender and may be considered a

5   functional creditor or alternatively, is a Servicer strictly for administrative purposes subject to the

6   RESPA. Defendant  ALLIANCE is also a *debt collector* within the meaning of 15 U.S.C. §

7   1692a (6) and a corporation within the scope of California UCL, engaged in the business of

8   collecting debts owed or due or asserted to be owed or due another and whose principal purpose

9   is the collection of debts using mails and telephone. This Defendant may also claim a pecuniary

10  interest and is joined and needed for just adjudication. This Defendant may be served with

11  service of process by serving statutory agent: CORPORATION SERVICE COMPANY WHICH

12  WILL DO BUSINESS IN CALIFORNIA AS CSC – LAWYERS INCORPORATED SERVICE,

13  2730 GATEWAY OAKS DRIVE, SUITE 100 SACRAMENTO, CA 95833.

14       7.    Defendant INDYMAC is or was the assignee of the loan and the deed of trust

15  from the originating lender for the purported beneficiary and may be considered a functional

16  creditor or alternatively, is a Servicer strictly for administrative purposes subject to the Real

17  Estate Settlement Procedures Act. Defendant  INDYMAC is also a *debt collector* within the

18  meaning of 15 U.S.C. § 1692a (6) and a corporation within the scope of California DCL,

19  engaged in the business of collecting debts owed or due or asserted to be owed or due another

20  and whose principal purpose is the collection of debts using mails and telephone. This

21  Defendant may also claim a pecuniary interest and is joined and needed for just adjudication.

22  This Defendant may be served with service of process by serving statutory agent:

23  CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS

24  CSC – LAWYERS INCORPORATED SERVICE, 2730 GATEWAY OAKS DRIVE, SUITE

25  100 SACRAMENTO, CA 95833.

26       8.    Defendant GMAC is or was the designated Servicer for the purported beneficiary

27  and may be considered a functional creditor or alternatively, is a Servicer strictly for

28  administrative purposes subject to the Real Estate Settlement Procedures Act. Defendant GMAC

is also a *debt collector* within the meaning of 15 U.S.C. § 1692a (6) and a corporation within the scope of California DCL, engaged in the business of collecting debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using mails and telephone. This Defendant may also claim a pecuniary interest and is joined and needed for just adjudication. This Defendant may be served with service of process by serving statutory agent: CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC – LAWYERS INCORPORATED SERVICE, 2730 GATEWAY OAKS DRIVE, SUITE 100 SACRAMENTO, CA 95833.

     9.    Defendant NDEX WEST is or was the designated Servicer for the purported beneficiary and may be considered a functional creditor or alternatively, is a Servicer strictly for administrative purposes subject to the RESPA. Defendant NDEX WEST is also a *debt collector* within the meaning of 15 U.S.C. § 1692a (6) and a corporation within the scope of California DCL, engaged in the business of collecting debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using mails and telephone. This Defendant may also claim a pecuniary interest and is joined and needed for just adjudication. This Defendant may be served with service of process by serving statutory agent: CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC – LAWYERS INCORPORATED SERVICE, 2730 GATEWAY OAKS DRIVE, SUITE 100 SACRAMENTO, CA 95833.

     10.    Defendants DOES 1-10 are involved in the instant case and transaction and are currently unknown to Plaintiff. Said entities will be joined upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

### III. Jurisdiction/Venue

     11.    This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1640(e) for TILA claims, pursuant to 15 U.S.C. § 1692k(d) for FDCPA claims and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiff's state law claims. All state law claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States

- 4 -

1 Constitution. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. §
2 2201. Counts arising under contract, common law, and the law of conveyances in real property
3 are properly asserted under this Court's pendent jurisdiction.

4      12.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally and
5 whereby the real property and a substantial part of the events and claims, the subject of this suit,
6 are situated here, communications notifying Plaintiff of the non-judicial foreclosure and election
7 to sell under the security instrument conveyed and enforced by Defendants are in this district,
8 and Defendants principal business are within the forum state California.

9 **IV. Conditions**

10      13.    All Conditions precedent have been performed or have occurred and TILA
11 violations may be asserted defensively now due to the non-judicial foreclosure filing and election
12 to sell and as a recoupment or set-off pursuant 15 U.S.C. 1637 *et seq.* "This subsection
13 [providing for the one year statute of limitations] does not bar a person from asserting a violation
14 of this subchapter in an action to collect a debt which was brought more than a year from the
15 date of the occurrence of the violation as a matter of defense by recoupment or set-off in such
16 action" (15 U.S.C. § 1640[e]), *Delta Funding Corp. v. Murdaugh, 6 AD.3d* 571, 774 N.Y.S. 2d
17 797 (2nd Dept. 2004); *McNinch v. Mortgage America, Inc. (In re McNinch)*, 250 B.R. 848 (Bankr
18 W.D. Pa. 2000)

19      14.    The mere loss of a statutory right to disclosure is an injury that gives the
20 consumer standing for Articles III purposes, *DeMando v. Morris*, 206 F 3d 1300 (9th Cir. 2000).

21
22      15.    Plaintiffs hve standing as of date of the contract and where the contract is a
federally related mortgage transaction governed by TILA and due to the non-judicial foreclosure
23 filing recorded in the official records, Los Angeles County.

24 **V. Statement of Facts**

25      16.    The federally related mortgage transaction at the root of this case was closed, and
26 documents were signed on or about December 4, 2006.

27      17.    Prior to the closing, Plaintiffs were contacted by Defendants regarding the
28 refinancing of their mortgage loan.

– 5 –

18. In the residential loan application, Plaintiffs did not provide their income. However, Plaintiff Danilo Del Valle worked as a postal carrier while Plaintiff Jennifer Del Valle was a student. Based from the median income of the postal carrier, Plaintiff Danilo Del Valle will have an income of $ 4,000.00 and both Plaintiffs have debts payment of $3,032.00 per month. (A copy of the Uniform Residential Loan Application is hereto attached as Exhibits "1" and made part hereof.)

19. Other than the herein subject property, no other assets were listed in the loan application.

20. Plaintiffs subsequently entered into a mortgage loan transaction (hereinafter the "Transaction") with Defendants to include a Deed of Trust ("Deed of Trust") securing such Adjustable Balloon Note ("Note ") covering the Property, then and now the *principal dwelling* and home of the Plaintiffs and their family. ( A copy of the Adjustable Rate Note and the Deed of Trust is hereto attached as Exhibits "2" and "3" and made part hereof.)

21. The amount of the loan in the Note is $624,000.00 with an initial interest rate of 1.00% which should not be greater than 11.950% or less than 8.50%.

22. While in the Federal Truth in Lending Disclosure Statement, a copy of which is attached as Exhibit "4" and made part hereof, the following entry of data were made:

| Annual Percentage Rate: | 8.991% |
| Finance Charge: | $1, 596,342.67 |
| Amount Financed: | $ 607,898.56 |
| Total Payments: | $2,204,241.23 |
| Number of Payments | Amount of Payments |
| 12 | $1,577.82 |
| 7 | $1,696.16 |
| 340 | $5,165.12 |
| 1 | $417,293.47 |

23. The above-described documents showed that amount of loan in the Note dated was $624,000.00, and the amount financed in the above Federal Truth in Lending Act Disclosure Statement was $ 607,898.56.

- 6 -

24.     The Transaction required the Plaintiffs to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

25.     The security interest was not created to finance the acquisition or initial construction of the Plaintiffs' Property but to pay off previous consumer debts including lien mortgage debt.

26.     The Transaction is characterized as a Consumer Credit Transaction as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z § 226.2(a).

27.     The transaction is characterized as a Closed-end Credit Transaction as that term is defined under Reg. Z § 226.2(10) where a security interest was retained in favor of the

28.     The Transaction is subject to all content requirements set forth in 15 U.S.C. § 1635(a), and 15 U.S.C. § 1638; Reg. Z §§ 226.17 – 226.23.

29.     During the Transaction, Plaintiffs were made to pay loan origination fee of $ 6,240.00 to broker; loan discount to lender of $ 193.44; application fee to broker of $ 300.00; document fee to lender of $ 295.00; tax service fee to lender of $89.00; processing fee to broker of $ 695.00; underwriting fee to lender of  $495.00; administration fee to broker  of $ 365.00; settlement or closing fee of $2,850.00; (A copy of the HUD Settlement Statement is attached as Exhibit "5")

30.     Plaintiffs entered into this Transaction paying the above fees which are unearned, duplicative, unreasonable and unconnected to any actual services performed and without the Defendants providing them with proper opportunity to evaluate the costs and implications thereof, and in a form and manner required by applicable statutes and regulations.

31.     Further, the following documents related to the Transaction were not lawfully provided to Plaintiffs:

    **a.**   Escrow Statements;

    **b.**   Handbook on Adjustable Rate Mortgages;

    **c.**   HUD Brochures;

    **d.**   Variable Rate Disclosures;

    **e.**   Business Affiliations Disclosure;

    **f.**   Private Mortgage Insurance Disclosure

- 7 -

    **g.** Broker's Arrangements

    **h.** Disbursal Disclosures

    **i.** Equal Credit Opportunity Act Disclosure

    **j.** Patriot Act Disclosure

    **k.** Loan Servicing Disclosure Statement

    l. Loan Origination Agreement;

32.    Moreover, Plaintiffs received only one copy of the Notice of Right To Cancel. (A copy of the Notice Of Right To Cancel is hereto attached as Exhibits "6" and "7")

33.    The failure to accurately and effectively disclose a Truth in Lending Disclosure Statement with effective Rescission Notices is a failure to provide accurately a *material* disclosure as that term is defined under 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3)n48.

34.    Defendants ratified this transaction with an improper, ineffective, and unlawful omission of *material* disclosures as that term is defined under 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3)n48.

35.    Plaintiffs have a continuing right to rescind the Transaction until the third business day after receiving both the proper Notice of Right of Rescission and delivery of all *material* disclosures correctly made in a form the Plaintiff may keep pursuant to 15 U.S.C. § 1635(a) and Reg. Z § 226.23(a), and the three-day right is statutorily extended due to the foregoing *material* failures.

36.    A controversy has arisen due to Defendants' failure to provide accurate *material* disclosures so that Plaintiffs may tender any balance and extinguish the Transaction by operation of law.

37.    On December 11, 2008 Plaintiffs sent a demand letter containing request for rescission of contract and offer to tender to the Defendant INDYMAC which it received on March 15, 2009. (A copy of the demand letter and the postal receipt is attached as Exhibits "8" and "9")

38.    Defendant INDYMAC failed to respond to the letter.

39. In the same mail envelop above, Plaintiffs also enclosed and sent to the Defendant INDYMAC, the RESPA Qualified Written Request (QWR), TILA Request, and Notice of Rescission. (A copy of the QWR is hereto attached as Exhibit "10")

40. Defendant INDYMAC failed to respond to the letter.

41. Likewise, on December 11, 2008 Plaintiffs sent a demand letter containing request for rescission of contract and offer to tender to the Defendant GMAC. (A copy of the demand letter and the postal receipt is attached as Exhibits "11" and "12")

42. Defendant GMAC failed to respond to the letter.

43. In the same mail envelop above, Plaintiff also enclosed and sent to the Defendant GMAC, the RESPA Qualified Written Request (QWR), TILA Request, and Notice of Rescission. (A copy of the QWR is hereto attached as Exhibit "13")

44. Defendant GMAC failed to respond to the letter.

45. As a result of the acts alleged above, Plaintiffs have suffered nausea, emesis, constant headaches, insomnia, embarrassment, and incurred an ascertainable loss.

## VI. Claims For Relief

### Count 1 - Rescission Claim under TILA; Reg. Z against ALL DEFENDANTS

46. Plaintiff incorporates each paragraph set forth above as if fully stated herein.

47. As a result of Defendants' failure to provide accurate *material* disclosures and correct number of copies of notice to cancel as described above, Plaintiffs are entitled to and had exercised their right of rescission of the Transaction and offer to tender (see Exhibits "8" and "11").

48. Plaintiffs have a continuing right to rescind the Transaction until the third business day after receiving both the proper Notice of Right to Cancel and delivery of all *material* disclosures correctly made in a form the Plaintiffs may keep pursuant to 15 U.S.C. § 1635(a) and Reg. Z § 226.23(a), and the three-day right is statutorily extended due to the foregoing *material* failures.

49. To exercise the right to rescind, a borrower must notify the creditor of the rescission by mail, telegram or other means of written communication. [12 C.F.R. Sec 226.23(a)(2)]

50.     On December 11, 2008, Plaintiffs sent a demand letter containing request for rescission of contract and offer to tender to the Defendants INDYMAC and GMAC. ( see Exhibits "8" and "11").

51.     Defendants INDYMAC and GMAC failed to respond.

52.     Moreover, the filing of a lawsuit can also be sufficient written notice of rescission under TILA so long as the complaint seeks rescission. [*Jones v. Saxon Mortgage*, 537 F. 3d 320 (4th Cir. 1988)] Here, Plaintiffs filed the complaint with prayer for rescission.

53.     After Plaintiffs' notice of rescission and offer to tender, by operation of law, the Defendants have 20 days to take action which included (1) cancellation of Promissory Note, (2) cancellation of the Deed of Trust, and (3) return of all monies of the Transaction.

54.     Defendants failed to take such actions within the 20 day period of time required by 15 U.S.C. §1635 and 12 CFR §226.23(d). Failure to lawfully respond gives rise to statutory and actual damages under 15 U.S.C. § 1640.

55.     It should be also noted that Defendants creditors performance of responding in 20 days and return of money is a condition precedent for the consumer Plaintiff to tender. The creditor must return all finance charges, interest, and other charges after crediting all those amounts to principal to the consumer within 20 days. So if the creditor wants to do this it has to give notice that ALL payments, fees, etc., have been credited to principal within 20 days. If not, they lose right to restitution. [*Williams v. Homestake Mortgage Co.* 968 F. 2d 1137] If the creditor fails to do so this, the consumer's obligation to tender may never arise. [*Gill v. Mid-Penn Consumer Discount Co.* 671 F. Supp.1021 (E.D. 1987) affd., 853 F2d 917 (3rd Cir. 1988); *French v. Wilson*, 446 F. Supp. 216]

56.     Plaintiffs may keep any money or property, and has no obligation to tender, until the Defendants have cancelled the mortgage lien, or security interest in the property, and return any money or property given to the Defendants or to anyone else in connection with this transaction.(see Exhibits "6" and "7" )

57.     Moreover, Plaintiffs, in their above-mentioned demand letter containing notice of rescission and offer to tender, stated that they are willing to discuss the tender arrangement for "the amount due (the amount financed less all loan charges and costs associated with the loan and all payments made to date)" once rescission is effected. In the same letter, a demand was made to the Defendants to provide Plaintiffs "with an itemization of the loan disbursements, the

loan charges, the current principal balance, and all payments received … so that we may determine the exact amount needed for tender." (see Exhibits "8" and "11").

58.     Despite the Plaintiffs' demand for the Defendants to provide the above stated data in order to determine the exact amount needed to tender, Defendants failed to respond. As a consequence, Plaintiffs cannot tender the amount.

59.     In *Yamamoto et.al. v. Bank of New York, et.al.* 329 F.3d 1167, the Court stated that: "As rescission under § 1635 is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds." x x x "Whether the call is correct must be determined on a case-by-case, in light of the record adduced."

60.     The process to change procedure in rescission of mortgage contract with the Plaintiffs tendering the amount first rests entirely in the discretion of the court. However, in the case at bar, Plaintiffs cannot tender an exact and definite amount since Defendants unfairly failed to provide them "with an itemization of the loan disbursements, the loan charges, the current principal balance, and all payments received … so that we may determine the exact amount needed for tender" despite Plaintiffs' unequivocal and clear demand. Because of the detrimental act of Defendants, Plaintiffs are deemed to have substantially complied with the offer to tender. Accordingly, rescission of mortgage contract should be effected. Or, in the alternative, this issue can be resolved by the court during the trial of the case.

61.     Rescission of the Transaction also extinguishes any liability Plaintiff has to Defendants for finance or other charges arising from the Transaction.

### Count 2 - TILA Claims against ALL DEFENDANTS

62.     Plaintiffs incorporate each paragraph set forth above as if fully stated herein.

63.     The original payee of the note Defendant ALLIANCE, assignee Defendant INDYMAC and beneficiary of all other documents at a purported closing acted in contravention

- 11 -

of TILA 15 U.S.C. § 1601 *et seq.* and Reg. Z in the following particulars, each and all of which may also be asserted affirmatively and defensively by Plaintiff as a result.

64.     The documents not provided to the Plaintiffs in conjunction with this consumer credit transaction violated the requirements of TILA; Reg. Z in the following respects:

(a)     By failing to provide all required disclosures prior to consummation of the Transaction in violation of 15 U.S.C. § 1638(b); Reg. Z § 226.17(b),

(b)     By failing to make the required disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a); Reg. Z § 226.17(a)(1),

(c)     By failing to reflect the legal obligation in effect at the outset of the transaction under Reg. Z § 226.17(c)(1),

(d)     By failing to provide effectively the required number of Notice of Right to Cancel under 15 U.S.C. § 1635 and Reg. Z § 226.23(b),

(e)     By failing to accurately and effectively disclose the TILA Disclosure Statement in violation of 15 U.S.C. § 1602(u); Reg. Z 226.23(a)(3).

65.     By failing to provide adequate notice of Plaintiffs' right to cancel the loan transaction, failing to make other material disclosures at the time of the origination of the loan, and to provide some of the documents of the Transaction, Defendant violated TILA. [15 U.S.C. § 1635(a) and Regulation Z  12 *C.F.R.* §226.23]  TILA and Reg Z TILA contain detailed disclosure requirements for consumer which the Defendant failed to provide to Plaintiff.

66.     The amount of loan in the Note was $ 624,000.00. However, financed in the above Federal Truth in Lending Act Disclosure Statement was $607,898.56.

67.     The above-mentioned documents contained misleading data and disclosures as to the amount of the loan. "Misleading disclosure is as much a violation of TILA as a failure to disclose at all."[*Smith v. Chapman*, 614 F.2d 968, 977 (5th Cir.1980); *Barnes v. Fleet National Bank*, 370 F.3d 164, 174(1st Cir. 2004) quoting *Smith v. Chapman*]

68.     Defendants led Plaintiffs to believe that refinance could give them a lower interest rate and payments while paying off his previous mortgage and some other debts. However, the amount of the amortization was drastically increased and ballooned without the Defendants

providing them with accurate disclosures of the subsequent increase of monthly amortization, cost of the loan, and finance charges.

69.     Although the TILA statute of limitations generally begins to run at the consummation of the loan, the doctrine of equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." [*King v. California*, 784 F.2d 910,915 (9th Cir 1986)]

70.     All these violations came only to the attention of the Plaintiffs after they came to consult with their counsel and who subsequently sent demand letter containing rescission notice and offer to tender to Defendants which failed to respond.

71.     Civil liability under TILA applies to creditors. [See 15 U.S.C. § 1640(a) and 15 U.S.C.§ 1631] Creditors who fail to notify the borrower correctly of the right to rescind are also liable to the borrower for damages plus costs and attorney fees [see 15 U.S.C. § 1640(a)(1)]

72.     Said acts entitle Plaintiff to statutory and actual relief, and a reasonable attorney fee.

### Count 3 – RESPA Claims against ALL DEFENDANTS

73.     RESPA violations involved creditor's acts of splitting of fees for referral, kickbacks, illegal fees, unearned and duplication fees [12 U.S.C. § 2607(a)].

74.     During the closing of the Transaction, Plaintiff herein was charged with fees which were unearned, duplicative, unreasonable and unconnected to any actual services performed.

75.     Plaintiffs were made to pay loan origination fee of $ 6,240.00 to broker; loan discount to lender of $ 193.44; application fee to broker of $ 300.00; document fee to lender of $ 295.00; tax service fee to lender of $89.00; processing fee to broker of $ 695.00; underwriting fee to lender of $495.00; administration fee to broker of $ 365.00; settlement or closing fee of $2,850.00; ( see Exhibit "5")

76.     Plaintiffs are entitled to three times the amount the Defendants received in the above-stated unearned fees. [U.S.C. § 2607(d)(2)]

77.     Further, damages may also be awarded to the borrower for failure to respond to the RESPA QWR (12 *U.S.C.* § 2605). In this case, QWR was sent by the Plaintiffs to the

Defendants INDYMAC and GMAC but they failed to respond. The failure to respond to the QWR sets forth "enough fact to raise a reasonable expectation that discovery will reveal evidence" of a pattern or practice of non compliance with the requirements of Sec 2605 (See *Bell Atlantic Corporation v Twombly 550* U.S. 555) which would entitle Plaintiffs' claim for statutory damages under RESPA.

78. Moreover, the court may also award the prevailing party costs and reasonable attorney's fees [12 U.S.C. § 2607(d)(5)]

### Count 4 - FDCPA Claims against ALL DEFENDANTS

79. Plaintiffs incorporate each paragraph set forth above as if fully stated herein.

80. Defendants violated the FDCPA in the following particulars:

(a) By failing to provide a validation notice under 15 U.S.C. § 1692(e)(11) and within five days of the initial communication under 15 U.S.C. § 1692(g);

(b) The use of false or misleading representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §§ 1692(e) and 1692(e)(10);

(c ) The use of unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692(f).

81. Said acts entitle Plaintiffs of statutory and actual relief, a declaration the Defendants violated the FDCPA, and a reasonable attorney fee.

82. Moreover, Defendants are the lender and servicer of Plaintiffs' loan at the time they are in default. Defendants are within the exception found in 15 U.S.C. §1692(a)(6)(F)(iii) since it concerns collection of debt of the Plaintiffs already in default. They are debt collector covered by FDCPA.

### Count 5 - Cal. Bus. And Prof. Code § 17200 *et seq.* Claims and Recoupment against ALL DEFENDANTS

83. Plaintiffs re-allege and incorporate herein the allegations contained in the preceding paragraphs inclusive above.

84. Plaintiffs bring this action as a private attorney general acting on their own behalf, pursuant to Cal. Business and Professions Code § 17200, *et seq.* referred to as the Unfair Competition Law ("UCL").

- 14 -

85.     Plaintiffs are acting in this capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek injunctive relief and restitution on her behalf as being affected thereby.

86.     Based from the stated monthly income and monthly debt payment of the Plaintiffs at the time of the application of the loan using the debt to ratio analysis of the fully indexed and amortized rate of the current loan showed that Plaintiffs total debt ratio is 161.88%.

| Housing Payment | Total Debt | Gross Monthly Income | Fully Indexed & Amortized Rate | Housing Ratio | Total Debt Ratio |
|---|---|---|---|---|---|
| $5,165.12 | $1,310.00 | $4,000.00 | 7.97% | 129.13% | 161.88% |

87.     While the real income analysis of the fully indexed and amortized rate of the current loan showed that Plaintiffs residual income is $ negative 3,915.12.

| Gross Monthly Income | Tax Rate | Net Monthly Income | Housing Debt | Other Debt | Residual Income |
|---|---|---|---|---|---|
| $4,000.00 | 36% | $2,560.00 | $5,165.12 | $1,310.00 | $(3,915.12) |

88.     Based from the above data, Plaintiffs would not be able to qualify for the loan.

89.     Plaintiffs had only qualified at the initial teaser fixed rate and could not qualify for the loan once the interest rate and principal terms changed later.

90.     The failure to adequately underwrite this loan could be actionable under UCL for lack of due diligence, lack of good faith and fair dealings by the lender assignee Defendant INDYMAC.     Moreover, Defendant INDYMAC violated its fiduciary duty for doing loan where it could reasonably lead to default by the Plaintiffs.

91.     The loan documents present a picture of the loan whereby one continuously sees interest rate as 8.750%. The payment is continuously represented as $ 1,557.82, and no where it materially mentioned what the actual amortizing payment is. That after the initial interest only payment, the loan will be re-amortized for the remaining years at the fully indexed and amortized rate to $ 5,165.12 and the balloon payment of $ 417, 293.47 as the last payment.   This is an unfair and deceptive practice that leads the Plaintiffs to believe that they are only paying the initial interest rate and monthly payment.

92.     Since the Note provides for the negative amortization, an amount of $3,587.38 per month or $43,048.56 per year will be added to loan principal when Plaintiffs is making a starting mortgage payment of $1,557.82 which would result into almost triples to $5,165.12 starting on the 20th month and balloon payment of $ 417, 293.47 as the last payment.

93.     The negative amortization will subject the loan to value being greater than the original loan to value. As each minimum payment is made, the balance increases, increasing the loan to value ratio which is violation of California Civil Code 1916.7(B).

94.     By restricting the downward adjustment of the mortgage rate in the Note to not less than 8.750% regardless of the downward movement of the index, lender Defendant violated California Civil Code CIV Section 1916.7 (10) (c ) II.

95.     The Defendants must notify Plaintiffs of any changes in the interest rate and monthly payment of loan. Considering that the amortized rate changes, so the Plaintiffs should be notified. Defendants failed to do so and violated Civil Code Section 1918.5-1921.1920.

96.     Further, the adjustable rate mortgage disclosure notice was not provided to the Plaintiffs during the processing of this loan in violation of California Civil Code Section CIV Section 1916.7 10 (c ).

97.     The foregoing acts and omissions of Defendants affect trade and commerce as that term is defined under the UCL.

98.     The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice and provides that a court may order injunctive relief and restitution to affected parties as a remedy for any violation of the UCL.

99.     Beginning on the dates indicated and at all times relevant herein, Defendants and the DOE Defendants have committed acts of unfair competition proscribed by the UCL including the practices alleged herein against Plaintiff.

100.    Prior to the filing of the claims in this action, and continuing thereafter, Defendants have been systematically violating the provisions of TILA, Reg. Z, the FDCPA, the contract between parties, and to such extent as to induce confusion as to source and sponsorship of services.

101. These violations are and were a matter of their standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.

102. The business acts and practices of these Defendants, as hereinabove alleged, constitute "unlawful" business practices under UCL in that, for the reasons set forth above, said acts and practices violate the provisions of TILA, Reg. Z, the FDCPA, the contract between the parties, and their fiduciary duties.

103. The business acts and practices of these Defendants, as hereinabove alleged, constitute "unfair" business practices under UCL in that said acts and practices offend *public policy* and are substantially injurious to Plaintiff and all consumers. Said acts and practices have no utility that outweighs their substantial harm to Plaintiffs, all consumers, and potential homeowners.

104. In the course of this Transaction, Defendants made one or more misrepresentations and/or failed to make accurate representations and/or failed to provide *material* information about the Transaction as set forth more fully above.

105. Specifically, Defendants processed and ratified this Transaction, substantially amended and failed to deliver *material* disclosures under TILA, failed to comply with the contract between the parties, failed to comply with statutory good faith and fair lending.

106. Said misrepresentation and failure to make accurate representations were made knowingly or with reason to know that Plaintiff would rely thereon.

107. Said misrepresentations and failure to make accurate representations were *material* to the Transaction from origination to present.

108. Said misrepresentations and failure to make accurate representations were made with intent and the Plaintiff relied thereon by seeking legal counsel and filing this defensive claim in recoupment.

109. Plaintiff did reasonably rely as specified in these factual allegations.

110. Plaintiff was thereby damaged and has a substantial ascertainable loss.

111.    The business acts and practices of Defendants, as hereinabove alleged, constitute "fraudulent" business practices under UCL in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, falsifying documents, failure to deliver *material* documents, and concealment, may preclude consumers from exercising legal rights to which they are entitled.

112.    The unlawful, unfair and fraudulent business acts and practices of Defendants described herein present a continuing threat to members of the general public and Plaintiff in that Defendants and the DOE Defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

113.    Pursuant to the UCL § 17203, Plaintiff seeks an order enjoining Defendants from engaging in the acts and practices as hereinabove alleged, and ordering that Defendants provide appropriate restitution to Plaintiff.

114.    Plaintiff seeks recovery of attorney's fees, costs and expenses incurred in the filing and prosecuting of this action pursuant to the Code of Civil Procedures § 1021.5 and any other applicable law.

### Count 6 - For Quiet Title against ALL DEFENDANTS

115.    Plaintiffs re-allege and incorporate herein the allegations contained in the preceding paragraphs inclusive above.

116.    Plaintiff is the owner of the SUBJECT PROPERTY known as 1834 Massachusetts Drive, Salinas, CA 93905 per the Deed of Trust executed by the Plaintiffs.

117.    The basis of Plaintiffs' interest in title is a Deed of Trust from Defendants, granting the SUBJECT PROPERTY to Plaintiff, and recorded in the Official Records of the County of Los Angeles.

118.    Plaintiffs are seeking to quiet title against the claims of Defendants as follows: Defendants are seeking to hold themselves out as the fee simple owners of the subject properties, when in fact Plaintiff has an interest in such properties held by Defendants, when Defendants have no right, title, interest, or estate in the SUBJECT PROPERTY, and Plaintiff's interest is adverse to Defendants' claims of ownership.

- 18 -

119.　Plaintiffs therefore seek a judicial declaration that the title to the SUBJECT PROPERTY is vested in Plaintiffs alone and that Defendants and their successors be declared to have no estate, right, title, or interest in the SUBJECT PROPERTY and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title, or interest in the SUBJECT PROPERTY, adverse to Plaintiffs herein.

## VII. Jury Trial Demand

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and hereby demand, a trial by jury.

## VIII. Prayer for Relief

WHEREFORE, as a result of the violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Plaintiffs pray for judgment against Defendants as follows:

1. Rescission of this Transaction,

2. Termination of any security interest in Plaintiffs' Property created under the Transaction,

3. Order Defendants to return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this Transaction,

4. Statutory damages of no less than $2,000 for the disclosure violations,

5. Statutory damages of no less than $2,000 if Defendants fail to respond properly to Plaintiffs' rescission notice,

6. Statutory Damages as provided by the RESPA,

7. Statutory Damages as provided by the FDCPA,

8. Statutory Damages as provided by Cal. UCL,

9. Enjoin Defendants during pendency of this action, permanently thereafter, from instituting, prosecuting, or maintaining a proceeding on the Plaintiffs' Property, from recording any deeds or mortgages regarding the Property except, a lawful release of lien, and from otherwise taking any steps to deprive Plaintiffs' ownership of the Property,

- 19 -

10. Order that, if Defendants fail to further respond lawfully to Plaintiffs' notice of rescission, Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of Plaintiffs' claims, and order Defendants to accept tender on reasonable terms over a reasonable period of time,

11. Reasonable attorney's fee and costs of suit,

12. Actual damages in an amount to be determined at trial,

13. For such other and further relief as the Court may deem just and proper.

Dated: October 5, 2009

The Law Offices of Carlo O. Reyes

By: _____

CARLO O. REYES
Attorney for the Plaintiffs

**VERIFICATION**

STATE OF CALIFORNIA          )

COUNTY OF LOS ANGELES) SS

x------------------------------x


WE, DANILO DEL VALLE and JENNIFER DEL VALLE, state as follows:

1. We are the Plaintiffs in the herein case;

2. We have read the foregoing First Verified Amended Complaint For Damages and Declaratory Relief and have known its contents;

3. That the grounds allege therein are true;

4. We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct;

Executed on this _5_ th day of October 2009 at Canoga Park, California.


_Danilo c. delValle_           _lsvalle_
DANILO DEL VALLE          JENNIFER DEL VALLE

FIRST VERIFIED AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

1

## PROOF OF SERVICE BY UNITED STATES MAIL

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 22122 Sherman Way Suite 203, Canoga Park, CA 91303.

4

5

On October 5, 2009, I served the following document(s) described as:

6

7

**FIRST VERIFIED AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

8

on the persons below as follows:

9

Edward A. Treder                    Attorney for Defendant, NDEX West, LLC
BDFTW, LLP

10

917 S. Village Oaks Drive Suite 200
Covina, CA 91724

11

Telephone: (626)915-5714
Facsimile: (626)915-0289

12

13

Frederick Alan Haist                Attorney for Defendant, GMAC Mortgage, LLC
Palmer, Lombardi & Donohue, LLP
888 West 6th Street 12th Floor

14

Los Angeles, CA 90017
Telephone: (213)688-0430

15

Facsimile: (213)688-0440

16

Alliance Bancorp
CSC-Lawyers Incorporated Service

17

2730 Gateway Oaks Drive Suite 100
Sacramento, CA 95833

18

19

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

20

[ ] deposited the sealed envelope or package with the United States Postal Service,    with the postage fully prepaid.

21

22

[X] place the envelop or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is place for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope or package with postage fully prepaid.

23

24

25

26

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

27

28

-1-

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the law of the United States of America that the above is true and correct.

Executed on October 5, 2009, at Los Angeles, California.

_____
Abner Reteracion

FIRST VERIFIED AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF